Bay, J
wbo heard the demurrer, delivered the following judgment. “ I have considered this case, and I am decidedly of opinion that the demurrer to the plea of infancy ought to be sustained. It is a well established rule *389 of law, that all contracts with infants are void or voidable except for necessaries, and tbe reason of tbe law is founded on tbe supposed want of judgment and discretion in their contracts land transactions with others, and it is to ¡jrevent diem from being over-reached by persons of maturer year» and experience. But there are otlmr eases in Law where this indulgence and protection shall not extend to an infant; as in all cases of criminal actions and wrongs done to'the persons or estates of another; Infant’s Lawyer, 34. The reason assigned in such cases, is, that malitia supplet setatem, especially if the infant he of the years of discretion, and it was alleged in this case ■that the'defendant was between 19 and Í0 years of age, (which was not denied,) at tbe time these goods were committed to his custody, and there has been a most evident wrong done to the plaintiff. In the first place there w'as a shameful breach of* confidence in not delivering these goods agreeably to order; and in the second place, an equally shameful and dishonest piece of conduct in converting the proceeds to his own use, both of which are exceptions to the manifest rules of exemption which the law has allowed for the protection of infants from their own imprudent transactions in their dealings with others, as laid down in the authorities quoted. The case quoted from Carthew, 160, by the Counsel for the defendant was one of a mercantile nature,-where it was held that an infant who was a partner in a mercantile house, was not liable on a bill of Exchange drawn by the house and returned protested, although the other partners were. So, in like manner, if goods are sold to an infant, (except for necessaries,) he is not liable, and such sale shall not be convertedinto a tort, so as to charge him in that form of action as laid down m 1 Comyn on Contracts, 149-50, and also as mentioned in 8th Term Rep. 335, which were relied on hy the Counsel for the defen *390 dant in bis argument. In the present ease however, there was no contract for the sale of the goods, and the present action is one of a special nature founded on fraud and not on contract, consequently none 6f the authorities urged on the part of the defendant, will apply or bear the defendant out in support of his plea. On the contrary, although the law will not allow an infant to be charged on contract, except for necessaries, yet he shall bo answerable in all cases of a criminal nature and for torts and trespasses, &c. &c. 3rd Inst. 301. 8 Rep. 44. Infant’s Lawyer, 34. Under the circumstances of this case the law will charge an infant in all cases arising ex de-licto or for wrongs done the plaintiff, and in some cases, he is liable even in assumpsit for money had and received; as where money has been embezzled by him; 1 Peake’s Nisi Prius 223. Lord Kenyon said the case was new and had not been decided; bu¿ he was of opinion that this action, though in form arising ex contractu, in fact arose ex delicto, and as defendant could not have defended himself by reason of infancy if an action of foover had been brought for the money, so he ought not to be allowed to defend himself on that ground in this action.— The same doctrine is laid down in 1 Nott & McCord, 197; that an action of deceit will lie against an infant on a warranty for the sale of a horse; and even where the form of the action is ex contractu and the substance is ex delicto, the defence of infancy will not avail. 6th Cranch, 6^1. C. J. Marshall laid it down in a case brought up from Alexandria upon a writ of error, as. the opinion of the Supreme Court, that infancy is no complete bar to an action of trover, although the goods converted be in possession of defendant in virtue of a previous contract. The conversion is still in nature of a tort; it is not an act of omission but of commission, and it is within the class of offences for which infancy can afford no proteo *391 tion. The case was that of 70 barrels of Flour shipped at Alexandria under the nare of defendant as supercargo,, tobe sold at No; loll-'.. Instead of obeying the orders of plaintiffj defendant shipped the Flour to the West Indies which was lost at sea and for this the action was 3;>ain-rained, in 3d Bacon, 585, it is said, were an infant being master of a ship at St. Christopher’s beyond sea, by contract with another undertakes to carry goods to England and there deliver them, but does not deliver them agreeably to the contract and wastes and consumes them he may be sued for the goods in a Court of Admiralty, though he be an infant, lor this suit is but in nature of detinue or trover and conversion at Common Law.— From all the authorities and the reason and justice of the case, I am of opinion that the demurrer to the plea should be sustained.
From this decision the defendant appealed, and moved to set aside the judgment, but the Court of Appeals affirmed the judgment for the reasons assigned.

Judgment affirmed.